**BEFORE THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**  2006 JUN 23 P 4: 27

|  |  |
|---|---|
| JOHNNIE KAYE RAYMOND, | ) |
| 8619 Copper Bluff | ) |
| Converse, Texas 78109, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. _____ |
| - v. - | ) |
|  | ) |
| HONORABLE JOHN W. SNOW, | ) |
| Secretary of the US Treasury, | ) |
| 1500 Pennsylvania Avenue, NW | ) |
| Washington, DC 20220, | ) |
|  | ) |
| Defendant. | ) |

SA06CA0555  RF

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.       Introduction

1.       *Comes now*, the Plaintiff, Johnnie Kaye Raymond, through her undersigned

attorney, to file her initial Complaint pursuant to the U.S. Merit Systems Protection

Board's (Board) Final Order (FO) denying the Plaintiff's request for reconsideration

dated and posted on May 15, 2006; and received on May 24, 2006, by the Plaintiff's

former counsel.  (*See* Exhibit 1, copy of the Board's FO denying the Plaintiff's request for

reconsideration with postmark date, May 15, 2006).  Effectively, the Plaintiff has thirty

(30) days, up to and including Friday, June 23, 2006, to file her instant Complaint.

Accordingly, the Plaintiff alleges the following:

### II.       Jurisdiction

2.       This Court is vested with subject matter and *in personam* jurisdiction pursuant to

*Title 42 § 2000e-5(f)(d)*.

### III.   **Venue**

3.     Venue is proper because all of the incidents of discrimination alleged by the Plaintiff happened within the district of this Court.

### IV.   **Parties**

4.     The Plaintiff is an African American female, over forty (40) years old, who suffers from chronic diabetes, and is a member of the suspect group protected by the Federal Statutes at *Title 42 USC § 2000e et seq*. The Plaintiff is an employee of the Department of the Treasury (Defendant) and may be served with motions and pleadings through her undersigned's counsel address stated herein.

5.     The Defendant is the Treasurer of the United States of America, the Honorable John W. Snow or his substitution, with his principal office located at 1500 Pennsylvania Avenue, NW, Washington, DC 20220. The Defendant can be served through the Office of the Attorney General of the United States (AG) Alberto Gonzales, in care of the Department of Justice (DOJ) located at 950 Pennsylvania Avenue, NW, Room 4400, Washington, DC 20530, and locally through the Office of the US District Attorney located at 601 NW Loop 410, Suite 600, San Antonio, Texas 78216.

### V.   **Procedural History**

6.     The Plaintiff has exhausted her administrative remedies and is now before the Court pursuant to the Board's FO attached hereto.

7.     The issues before the Board were:

(a)     Whether preponderant evidence supports the allegations set out in the notice of proposed adverse action dated September 29, 2004.

(b)     If so, whether the penalty selected by the Defendant was reasonable and

promotes the efficiency of the service.

 (c) Whether the Defendant's action was taken as a result of race discrimination. The Plaintiff identified herself as an African American.

 (d) Whether the Defendant's action was taken as a result of age discrimination. The Plaintiff is over 40 years of age.

 (e) Whether the Defendant's action was taken in reprisal for the Plaintiff having filed prior Equal Employment Opportunity (EEO) Complaints.

 (f) Whether the Defendant committed harmful procedural error in taking the action against the Plaintiff.

8. On November 30, 2005, the Plaintiff had a hearing on the merits of her claims before the Board.

9. On January 6, 2006, the Board's Administrative Law Judge (ALJ) entered his Initial Decision (ID) affirming the Plaintiff's suspension and all unrelated Ressons and Specifications.

10. On or about February 10, 2006, the Plainitff filed her appeal on the ALJ's January 6, 2006, ID.

11. On or about May 15, 2006, the Board issued its FO upholding the ALJ's ID of January 6, 2006.

## VI. Operative Facts

The undisputed facts before the Court are:

12. The Plaintiff is a career Federal Employee within the meaning of *Titles 5 and 42 USC § 2000e et seq.*

13. The Plaintiff is a female of the African American race, over 40 years old who has

filed over twenty five (25) EEO grievances and/or complaints since 2002. IE, the

Plaintiff has given the Defendant considerable notice of her alleged discriminatory

treatment by her first line supervisor, Ann Ackroyd (Ackroyd) and second line

supervisor, Susan Graham (Graham). Though at least five (5) of the Plaintiff's EEO

complaints have been dismissed, at least three (3) have been settled, and the remaining

are yet to be heard by the US Equal Employment Opportunity Commission (EEOC).

Effectively, the Plaintiff has a history of engaging in a protected activity.

14.     On or about September 29, 2004, the Plaintiff was served with a proposal letter by

the Plaintiff's second line supervisor, Graham. The letter specifically cited that the

Plaintiff was to be suspended for 30 days without pay for:

> Reason I:     AWOL
>
> Specification 1: On August 16, 2004, you were charged
> with 7 hours of Absence Without Leave (AWOL).
>
> Specification 2: On August 30, 2004, you were charged
> with 8 hours of Absence Without Leave (AWOL).
>
> Specification 3: On September 10, 2004, you were charged
> with 8 hours of Absence Without Leave (AWOL).
>
> Reason II: Failure to Follow Proper Leave
>                  Procedures
>
> Specification 1: In accordance with the terms of your leave
> restriction letter, dated 8/23/04, you were required to
> submit medical documentation to support all absences in
> order to use Sick Leave, Annual Leave, or Leave without
> Pay (LWOP). Additionally, request for Sick Leave for an
> entire day required the submission of medical
> documentation to support the length of incapacitation. You
> failed to submit the required documentation for your
> absences on 8/30/05 and 9/10/04.
>
> Specification 2: In accordance with medical
> documentation you submitted for a leave of absence, you

were to return to duty on August 16, 2004.  Although you
were observed attending an event to welcome new Revenue
Agents for approximately one hour, you failed to report to
work thereafter, or request leave from your Supervisor for
the remainder of the day and were subsequently charged 7
hours of AWOL on the day.

Reason III:  Discourteous and/or Disruptive Behavior

Specification 1:  On September 14, 2004, your supervisor
attempted to assist you in gathering individual summary
sheets in an attempt to reconstruct payroll files for the
employees in your group for certain missing pay periods.
Your Supervisor also enlisted the help on the Territory
Manager's assistant.  When your Supervisor and the
assistant tried to discuss the task or reconstructing the files,
you started insisting that the files were complete before you
left on your leave of absence, becoming loud, disruptive,
and argumentative with your supervisor in front of the
assistant.  Each time your supervisor asked you to help
identify the documents needed to reconstruct the files, you
would say loudly that you shouldn't have to reconstruct
anything because they were all there when you went out on
leave and that she (your supervisor) was the one who lost
them.  You accused her of misplacing or taking the
documents just so she could blame you.  Your tone
throughout this incident was loud, argumentative and
belligerent.  After repeatedly asking you to help with the
task, you continued to argue with her about it.  Your
supervisor subsequently stopped all attempts to assist you,
and asked you to step into her office to discuss your
behavior.  You stated that you were going to call the Union.

Reason IV:     Contradicting your Supervisor's Instructions
               and/or Defying your Supervisor's
               Instructions.

Specification 1:  On July 13, 2004, a Senior Facilities
Management Consultant contacted you and your supervisor
via email, regarding the placement of a hanging key lock
box and bulletin board.  Your supervisor replied to the
consultant and copied you in the email, stating that she
wanted these items hung in the copy room.  After reading
your supervisor's reply to the consultant, you replied back
to the consultant, stating that they could not be placed in
the copy room.  This was in direct contradiction to your

5

supervisor's instructions regarding placement of the key
lock box and bulletin board.

Reason V:  Physically Pushing or Shoving Your
           Supervisor

Specification 1:  On September 15, 2004, your supervisor
approached you at your desk and asked for certain
documents.  You refused to give her the documents she
requested.  You then turned to make a phone call, and
picked up your telephone receiver.  When your supervisor
reached for the documents herself, you turned around and
told her to get her hands off and pushed or shoved her away
from the documents with your hands, in which you were
also holding the telephone receiver.  This push or shove
physically moved your supervisor several steps from her
original location.

Reason VI:  You Failed to Provide Complete and
            Accurate information on Official
            Documents.

Specification 1:  On September 20, 2004, your Supervisor
reviewed your Forms 3081, Employee Time Report, for
certain pay periods, to include pay period 14 of 2004,
which covers July 11, 2004 through July 24, 2004.  From
Monday, July 12 through Wednesday, July 14, your Form
3081 reflected that you worked a total of eight hours on
each of these days.  You signed the Form 3081, certifying
that all time worked and leave taken through the end of this
period was correct.  However, on June 28, 2004, you
received a decision letter placing you on a three day
suspension, which was to be effective July 12, 2004 with a
return to duty date of July 15, 2004.  Your Supervisor
confirmed that you were absent on those dates.  Therefore,
rather than suffer a loss of three days of pay, while serving
your 3-day suspension, you received paid compensation for
the days you were not at work on July 12, 13, and 14 2004.

15.    On or about December 13, 2004, the Plaintiff filed her oral response to the

Defendant's proposal letter.

16.    On or about April 25, 2005, the Plaintiff was served with the decision of the

deciding official, Mr. Glenn E. Henderson (Henderson), Director, Examination, Gulf

States Area.  Henderson down graded the 30 days suspension without pay to fifteen (15)

days without pay.

17.    Henderson's decision letter cited additional reasons for the Plaintiff's 15-day

suspension:

> I am also taking into account the fact that you were issued a
> decision letter in June 2004, suspending you for a period of
> three (3) calendar days.  Further, you were issued a letter of
> reprimand in March 2004, for similar misconduct.  You
> were warned that future misconduct could result in more
> severe disciplinary action being taken against you.
>
> Therefore, I have concluded that a fifteen (15) day
> suspension would promote the efficiency of the Service.

18.    The Plaintiff was suspended from May 9, 2005 up to and including May 23, 2005.

19.     or about June 8, 2005, the Plaintiff timely appealed her 15 day suspension

without pay to the Board.

20.    On November 17, 2005, the Plaintiff was deposed by the Defendant's counsel.

During her deposition, the Defendant's counsel referred to the Plaintiff as stupid.

21.    On November 29, 2005, the Plaintiff's appeal was heard by the Board, the hearing

lasted two days.  At the closing of the hearing, the ALJ gave each party an opportunity to

present their closing argument in writing, due on or before December 15, 2005.

22.    On December 15, 2005, the Plaintiff submitted her closing argument in writing to

the Board's ALJ as instructed.

23.    On January 6, 2006, the ALJ entered his ID in favor of the Defendant.

24.    On or about February 10, 2006, the Plainitff filed her appeal on the ALJ's January

6, 2006, ID.

25.    On or about May 15, 2006, the Board issued its FO upholding the ALJ's ID of

January 6, 2006.

## VI.   Counts Alleging Discrimination

26.    Paragraphs 1 through 26 are hereby incorporated herein either by reference or implication.

## Count 1

27.    The Defendant engaged in a prohibited personnel practice when he subjected the Plaintiff to harassment and a hostile work environment because of her **_gender_** (female). The Plaintiff is an African American female, over 40 years old, who suffers from chronic diabetes, and is a member of the suspect group protected by the Federal Statutes at *Title 5 and 42 USC.*

## Count 2

28.    The Defendant engaged in a prohibited personnel practice when he **_retaliated_** against the Plaintiff after she filed numerous complaints of discrimination before the Defendant's EEO process.  The Plaintiff is an African American female, over 40 years old, who suffers from chronic diabetes, and is a member of the suspect group protected by the Federal Statutes at *Titles 5 and  42 USC.*

## Count 3

29.    The Defendant engaged in a prohibited personnel practice when he subjected the Plaintiff to harassment, a hostile work environment, and discrimination because of her _age_. The Plaintiff is an African American female, over 40 years old, who suffers from chronic diabetes, and is a member of the suspect group protected by the Federal Statutes at *Titles 5 and 42 USC.*

## Count 4

30.      The Defendant engaged in a prohibited personnel practice when he subjected the Plaintiff to harassment, a hostile work environment, and discrimination because of her *race*. The Plaintiff is an African American female, over 40 years old, who suffers from chronic diabetes, and is a member of the suspect group protected by the Federal Statutes at *Titles 5 and 42 USC*.

### Count 5

31.      The Defendant engaged in a prohibited personnel practice when he subjected the Plaintiff to harassment, a hostile work environment, and discrimination because of her *race*, *gender*, *age* and *retaliation* for having filed ***prior EEO complaints***, when the Defendant suspended the Plaintiff without pay, claiming that the Plaintiff had physically pushed or shoved her supervisor, Ackroyd.  Notwithstanding the fact, that a formal investigation conducted by the Defendant did not substantiate the Defendant's charge that the Plaintiff battered her supervisor.  The Plaintiff is an African American female, over 40 years old, who suffers from chronic diabetes, and is a member of the suspect group protected by the Federal Statutes at *Title 5 and 42* of the *USC*.

### Count 6

32.      The Defendant engaged in a prohibited personnel practice when he subjected the Plaintiff to harassment, a hostile work environment, and discrimination because of her *race*, *gender*, *age* and *retaliation* for having filed ***prior EEO complaints***, when the Defendant suspended the Plaintiff without pay, claiming that the Plaintiff was AWOL. Notwithstanding the fact, that the Plaintiff had requested leave and provided medical documentation to support her request for leave.   The Plaintiff is an African American female, over 40 years old, who suffers from chronic diabetes, and is a member of the

suspect group protected by the Federal Statutes at *Title 5 and 42* of the *USC*.

### Count 7

33.     The Defendant engaged in a prohibited personnel practice when he subjected the Plaintiff to harassment, a hostile work environment, and discrimination because of her ***race***, ***gender***, ***age*** and ***retaliation*** for having filed ***prior EEO complaints***, when the Defendant suspended the Plaintiff without pay, claiming that the Plaintiff had engaged in discourteous and/or disruptive behavior, when the Plaintiff requested Union representation before meeting with her supervisor, Ackroyd. The Plaintiff is an African American female, over 40 years old, who suffers from chronic diabetes, and is a member of the suspect group protected by the Federal Statutes at *Title 5 and 42* of the *USC*.

### Count 8

34.     The Defendant engaged in a prohibited personnel practice when he subjected the Plaintiff to harassment, a hostile work environment, and discrimination because of her ***race***, ***gender***, ***age*** and ***retaliation*** for having filed ***prior EEO complaints***, when the Defendant suspended the Plaintiff without pay, claiming that the Plaintiff had contradicted her supervisor, Ackroyd, on July 13, 2004, notwithstanding the fact, that the Plaintiff was not at work on July 13, 2004.  The Plaintiff is an African American female, over 40 years old, who suffers from chronic diabetes, and is a member of the suspect group protected by the Federal Statutes at *Title 5 and 42* of the *USC*.

### Count 9

35.     The Defendant engaged in a prohibited personnel practice when he subjected the Plaintiff to harassment, a hostile work environment, and discrimination because of her ***race***, ***gender***, ***age*** and ***retaliation*** for having filed ***prior EEO complaints***, when the

Defendant suspended the Plaintiff without pay, claiming that the Plaintiff had failed to provide complete and accurate information on an official document, notwithstanding the fact, that the Plaintiff's supervisor had in-fact input the so called inaccurate information and certified its accuracy and veracity.  The Plaintiff is an African American female, over 40 years old, who suffers from chronic diabetes, and is a member of the suspect group protected by the Federal Statutes at *Title 5 and 42* of the *USC*.

## VII. <u>Remedies</u>

36.    The Plaintiff respectfully requests the following:

 a.    Compensatory damages of not less than three hundred thousand dollars ($300,000.00);

 b.    Damages of two million dollars ($2,000,000.00) for the Defendant and/or its employees, agents or representatives having engaged in retaliation against the Plaintiff;

 c.    Court costs and Attorney's fees; and,

 d.    all other remedies at law and/or equity that the Court finds just and owing.

## VIII. <u>Jury Demand</u>

37    The Plaintiff respectfully requests the Court assign a jury to hear the Plaintiff's cause of action.

 Respectfully submitted,

 Joe A. Gamez, for the Plaintiff
 Texas State Reg. No. 07607200
 1139 W. Hildebrand Avenue
 San Antonio, Texas 78201
 Telephone No. (210) 736-4040
 Facsimile No.  (210) 734-0100

11

## **VERIFICATION**

I, Johnnie Kaye Raymond, verify that I have read the entire preceding Complaint whereby I am the Plaintiff, and agree with all the specific expressed language of each and every paragraph.


_____                    _____
Johnnie Kaye Raymond                                               Date